# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

MICHAEL T. MAIBEN, :

    Plaintiff, :

vs. : CA 09-0408-C

MICHAEL J. ASTRUE, :
Commissioner of Social Security,
                                                                                                   :

    Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying his claims for disability insurance benefits and supplemental security income. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (*See* Docs. 20-21 ("In accordance with provisions of 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case . . . order the entry of a final judgment, and conduct all post-judgment proceedings.")) Upon consideration of the administrative record, plaintiff's

brief, the Commissioner's brief, and the parties' arguments at the February 24, 2010 hearing before the Court, it is determined that the decision to deny benefits should be affirmed.[1]

Plaintiff alleges disability due to degenerative disc disease. The Administrative Law Judge (ALJ) made the following relevant findings:

> **3. The claimant has the following severe impairment: degenerative disc disease (20 CF R 404.1521 *et seq.*, and 416.921 *et seq.*).**
>
> . . .
>
> **4. The claimant does not have an impairment of combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525, 404.1526, 416.925 and 416.926).**
>
> . . .
>
> **5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b).**
>
> The medical evidence of record includes treatment notes from the Veterans Administration, which document treatment of the claimant from March, 2005, until November 15, 2006. Those

---

[1] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Docs. 20-21 ("An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court."))

notes refer to treatment for various reasons, including hepatitis, for which the claimant was treated but also which was not described as causing any exertional or nonexertional limitations. Minor complaints, such as cold symptoms and an episode of low back pain, were noted. The claimant was also noted to be taking medication for his blood pressure, but no restrictions resulting from his blood pressure were described. Significantly, the reports specified that, although the claimant had a history of depression, he was not being treated for that and no mental or emotional symtomatology was described in those reports (Exhibit 1F).

Annie Formwalt, Psy.D., a consulting psychologist, evaluated the claimant and found no mental or emotional symptoms of such significance as to warrant any diagnosis being made (Exhibit 2F).

Amanda McBane, M.D., noted the claimant's allegations of back and grip problems in May, 2007. No significant physical findings were described, however, and the Administrative Law Judge arranged for the claimant to be evaluated by William A. Crotwell, III, M.D. Dr. Crotwell is a Board-certified orthopedic specialist. He obtained x-rays that revealed the claimant did have a degree of degenerative disc disease and arthritis. Based upon his examination of the claimant and the x-rays, Dr. Crotwell concluded that the claimant could sustain light work (Exhibits 3F and 7F).

Based on all of the evidence of record, the Administrative Law Judge finds that the claimant has the following residual functional capacity for light work, which is a lesser residual functional capacity than described by the orthopedic specialist. The claimant can sit for two hours at one time an[d] for up to eight hours in a work day, he can stand for two hours at one time and for eight hours in a work day, and he can walk for two hours at a time and for eight hours in a work day. He can lift and carry objects weighing 20 pounds and he can frequently lift and carry objects weighing 10 pounds. He can use his upper and his lower

extremities without restrictions. He can frequently bend, squat, crawl, and climb, and he can continuously reach. He has no significant postural restrictions and no significant environmental restrictions. He can communicate in the work place without limitation.

. . .

In terms of the claimant's alleged inability to hold objects, nothing in the record supports any significant loss of gripping ability. His allegations of severe pain and an inability to sit or stand for long periods of time are not supported by his history of medical treatment or by the evaluation of an orthopedic specialist.

As for the opinion evidence, no treating or examining source has opined the claimant is disabled. A consulting orthopedic specialist concluded that the claimant could perform a full range of light work. Considering the absence of medical opinion supportive of disability, as well as the qualifications of the consulting specialist, the Administrative Law Judge affords significant weight to the opinion of that orthopedic specialist, noting that lesser lifting capacities have been established.

In sum, the above residual functional capacity assessment is supported by the claimant's history of treatment since 2005, which reflected periodic treatment for various complaints, and by the evaluation of consulting experts.

**6.    The claimant is unable to perform any past relevant work (20 CFR 404. 1565 and 416.965).**

. . .

**7.    The claimant was born on September 20, 1954 and was 50 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563 and 416.963).**

4

**8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).**

**9. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568 and 416.968).**

**10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).**

In determining whether a successful adjustment to other work can be made, the undersigned must consider the claimant's residual functional capacity, age, education, and work experience in conjunction with the Medical-Vocational Guidelines, 20 CFR Part 404, Subpart P, Appendix 2. If the claimant can perform all or substantially all of the exertional demands at a given level of exertion, the medical-vocational rules direct a conclusion of either "disabled" or "not disabled" depending upon the claimant's specific vocational profile (SSR 83-11). When the claimant cannot perform substantially all of the exertional demands of work at a given level of exertion and/or has nonexertional limitations, the medical-vocational rules are used as a framework for decisionmaking unless there is a rule that directs a conclusion of "disabled" without considering the additional exertional and/or nonexertional limitations (SSRs 83-12 and 83-14). If the claimant has solely nonexertional limitations, section 204.00 in the Medical-Vocational Guidelines provide a framework for decisionmaking (SSR 85-15).

Based on a residual functional capacity for the full range of light work, considering the claimant's age, education, and work experience, a finding of "not disabled" is directed by Medical-

Vocational Rule 202.13.

**11. The claimant has not been under a disability, as defined in the Social Security Act, from February 2, 2005 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).**

(Tr. 12, 13, 13-14, 14-15 & 15) The Appeals Council affirmed the ALJ's decision (Tr. 1-3) and thus, the hearing decision became the final decision of the Commissioner of Social Security.

## DISCUSSION

In all Social Security cases, the claimant bears the burden of proving that he is unable to perform his previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history. *Id.* at 1005. Once the claimant meets this burden, as here, it becomes the Commissioner's burden to prove that the claimant is capable, given his age, education and work history, of engaging in another kind of substantial gainful employment which exists in the national economy. *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Court is to determine whether the Commissioner's

decision to deny claimant benefits, on the basis that he can perform the full range of light work, is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).[2]

The sole argument raised is that the ALJ failed to fully and fairly develop the record in the case of an unrepresented plaintiff.

It is clearly established that an "'ALJ has a basic obligation to develop a full and fair record.'" *Welch v. Bowen*, 854 F.2d 436, 438 (11th Cir. 1988) (citation omitted); *see also Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) ("It is well-established that the ALJ has a basic duty to develop a full and fair record."). This duty exists whether or not the plaintiff is represented

---

[2] This Court's review of the Commissioner's application of legal principles, however, is plenary. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

by counsel. *See Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).[3] However, it remains the claimant's burden to prove that he is disabled and he is responsible for producing evidence in support of his claim. *Ellison, supra*, 355 F.2d at 1276. In addition, "there must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [Commissioner] for further development of the record." *Graham, supra*, 129 F.3d at 1423 (citation omitted). In considering whether a remand is required, "[t]he court should be guided by whether the record reveals evidentiary gaps which result in unfairness or 'clear prejudice.'" *Id*. (citation omitted).

There can be no doubt but that "[t]he ALJ is required to develop the

---

[3] "[W]here the right to representation has not been waived, the hearing examiner's obligation to develop a full and fair record rises to a special duty. This special duty requires the ALJ to 'scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts' and to be 'especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited.'" *Graham*, 129 F.3d at 1422-1423 (internal citations omitted). Plaintiff concedes that he waived his right to an attorney (Doc. 17, at 4 ("The claimant chose to appear without the assistance of counsel."); *see also* Tr. 31 ("Mr. Maiben, the first thing we need to talk about is the fact that you do not have an attorney representing you. Do you understand you have the right to have a lawyer represent you? CLMT: Yes. . . . ALJ: Have you talked to any lawyer? CLMT: No, I haven't. ALJ: Well, it's optional. You can proceed. We'll go ahead with the hearing today if you want to, or I can continue the case and give you time to get a lawyer. What do you want to do? CLMT: We can go ahead on. ALJ: You want to go ahead with the case? CLMT: Yes, sir.")); therefore, no heightened duty to develop the record existed in this case. *Robinson v. Astrue*, 2007 WL 1072927, *1 & *2 (11th Cir. 2007) ("By implication, where counsel has been waived, the special duty to develop the record does not take effect. . . . Although he was unrepresented at the hearing, because Robinson waived counsel, the ALJ did not have a special duty to develop the record.").

claimant's complete medical history for at least the 12 months preceding the month in which the application was filed, and to make every reasonable effort to help a claimant get medical reports from the claimant's own medical sources when permission is given." *Robinson, supra,* at *2. Notwithstanding the ALJ's duty in this regard, a claimant bears "the ultimate burden of producing evidence in support of his claim." *Id*.; *see also O'Neal v. Astrue*, 2008 WL 705248, *6 (M.D. Fla. 2008) ("[The ALJ] is not bound to develop the record for the period after the filing of the application, since that is the plaintiff's burden.").

In this case, the ALJ was duty bound to develop Maiben's complete medical history for at least the 12 months preceding February of 2007, the month in which he filed his applications (*see* Tr. 64-77 (applications filed on February 12, 2007)). The record reflects that plaintiff's medical history was developed not only for the relevant period, that is, from at least February of 2006 through February of 2007 but, as well, for a short period both prior thereto and thereafter. (*See* Tr. 133-213) In addition, following the September 30, 2008 hearing (Tr. 29-39), the ALJ referred Maiben to a consultative orthopedic surgeon for evaluation (Tr. 251-253) and the record contains the September 2008 records from the University of South Alabama Medical

9

Center detailing plaintiff's hospital stay following removal of his appendix (Tr. 255-265). In truth, plaintiff makes no argument that his medical history for the relevant period was not developed. (*See* Doc. 17) Instead, he contends that the ALJ failed to follow the HALLEX and send to him the results of Dr. William Crotwell's post-hearing consultative evaluation thereby enabling him to offer evidence countering the consultative physician's assessment. (*See id*.)

The Hearings, Appeals and Litigation Law Manual ("HALLEX") is a policy manual written by the Social Security Administration to provide policy and procedural guidelines to ALJs and other staff members. *See Moore v. Apfel*, 216 F.3d 864, 868 (9th Cir. 2000). The HALLEX recognizes that most post-hearing actions taken by ALJs involve the development and receipt of additional evidence. *HALLEX*, Chapt. I-2-7-1.

> When an Administrative Law Judge (ALJ) receives additional evidence after the hearing from a source other than the claimant or the claimant's representative, and proposes to admit the evidence into the record, the ALJ must proffer the evidence, i.e., give the claimant and representative the opportunity to examine the evidence and comment on, object to, or refute the evidence by submitting other evidence, requesting a supplemental hearing, or if required for a full and true disclosure of the facts, cross-examining the author(s) of the evidence.

*Id*. Moreover, HALLEX I-2-7-30 provides that an ALJ must proffer all post-hearing evidence unless: (1) the evidence was submitted by the claimant; (2)

the claimant knowingly waived his right to examine the evidence; or (3) the ALJ proposes to issue a fully favorable decision.[4]

In this case, in light of Maiben's hearing testimony that his primary problems revolved around his back, legs, and hands (Tr. 36-37), the ALJ informed plaintiff that he was going to send him to an orthopedic physician for examination (Tr. 38). Thereafter, Maiben was examined by Dr. William Crotwell on November 7, 2008. (Tr. 251-253) Dr. Crotwell concluded that plaintiff had lumbar degenerative disc disease and arthritis but that he can perform work in the national economy, more specifically, the full range of light and sedentary work. (*See id*. at 252-253) Of course, in determining that plaintiff retains the RFC to perform the full range of light work, the ALJ relied upon the evaluation of Dr. Crotwell. It is undisputed that the ALJ failed to proffer Dr. Crotwell's report to plaintiff for comment.

In *Newton v. Apfel*, 209 F.3d 448 (2000), the Fifth Circuit determined that "[w]hile HALLEX does not carry the authority of law,[5] this court has held

---

[4] This section further provides that in the case of an unrepresented claimant, the ALJ is to prepare a proffer letter to the claimant.

[5] In *Moore, supra,* the Ninth Circuit determined that since the "HALLEX does not have the force and effect of law [and] [] is not binding on the Commissioner" it would not "review allegations of noncompliance with the manual." *Id.* at 869 (citation omitted). Relying on the *Moore* decision, several district courts in the Eleventh Circuit have declined to find that an ALJ's failure to follow the HALLEX in writing their decisions warrants reversal of a Commissioner's decision. *See, e.g., Childs v. Astrue,* 2009 WL 902614, *6 (M.D. Ala. 2009)

that 'where the rights of individuals are affected, an agency must follow its own procedures, even where the internal procedures are more rigorous than otherwise would be required.'" *Id*. at 459 (footnote added), quoting *Hall v. Schweiker*, 660 F.2d 116, 119 (5th Cir. 1981).[6] Should a violation of the HALLEX prejudice the claimant, "the result cannot stand." *Newton, supra*, 209 F.3d at 459, citing *Hall*, 660 F.2d at 119.

This Court finds that plaintiff was not prejudiced by the ALJ's failure to send Crotwell's report[7] to him since that report was entirely consistent with

---

("In the Ninth Circuit, the HALLEX does not create judicially enforceable duties, and the court 'will not review allegations of noncompliance with [its] provisions.' The Third Circuit has held likewise. . . . The court concludes that violation of HALLEX provisions do not provide an independent basis for relief against the Commissioner." (internal citations omitted)); *Hall v. Commissioner of Social Security*, 2007 WL 4981325, *10 (M.D. Fla. 2007) (citing to *Moore* and finding that "HALLEX like all administrative manuals lacks the legal authority to bind the ALJ.").

[6] All decisions of the former Fifth Circuit handed down prior to October 1, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981). The Fifth Circuit handed down its decision in *Hall, supra*, on September 9, 1981. 660 F.2d at 116.

[7] Plaintiff claims he was prejudiced by the ALJ's failure to proffer to him Crotwell's report, arguing that "he was not able to comment on the report by Dr. Crotwell and attempt to rebut Dr. Crotwell's evidence with updated records." (Doc. 17, at 6) During oral argument, counsel for plaintiff indicated that had Dr. Crotwell's report been provided to Mr. Maiben the plaintiff could have pointed to x-rays taken at USA Hospitals in September 2008 revealing degenerative changes of the bilateral sacroiliac (hip) joints (*see* Tr. 263). However, this Court is not inclined to find that plaintiff was prejudiced since there is no indication that the degenerative changes in plaintiff's hips would have impacted his residual functional capacity for light work as found by the ALJ. In fact, the contrary is true, the examination results from Dr. Crotwell revealing negative hip rotation bilaterally (Tr. 251) and there being no significant hip joint range of motion problems noted by Dr. Amanda McBane (Tr. 212). Because such specific

12

the remaining evidence of record, same reflecting that plaintiff has at all times been capable of performing the physical and mental requirements of light work. (*Compare* Tr. 251-253 *with* Tr. 133-213 & 254-265) Importantly, nothing in the consultative examination by Dr. Amanda McBane on May 17, 2007 (Tr. 210-213) conflicts with Dr. Crotwell's examination findings and conclusions (*compare id. with* Tr. 251-253). Accordingly, this Court agrees with defendant that the ALJ's failure to proffer Crotwell's report to the unrepresented plaintiff, if error at all, was mere harmless error.

Because plaintiff raises no other claims, and substantial evidence of record (Tr. 133-213 & 251-265) supports the ALJ's determination that plaintiff can perform the full range of light work, the ALJ's fifth-step determination is due to be affirmed.

## **CONCLUSION**

The Court **ORDERS** that the decision of the Commissioner of Social

---

findings support the ALJ's determination that plaintiff can perform the physical requirements of light work, plaintiff has not established how he was prejudiced by the failure of anyone to specifically acknowledge that the degenerative disc disease in his lumbar spine extended into his hips bilaterally.

13

Security denying plaintiff benefits be affirmed.

**DONE** and **ORDERED** this the 4th day of March, 2010.

    s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**